CHAD A. READLER
Acting Assistant Attorney General
Civil Division
DOUGLAS E. GINSBURG
Assistant Director
BENJAMIN MARK MOSS
TIMOTHY BO STANTON
ENITAN O. OTUNLA
Trial Attorneys
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 307-8675
Facsimile: (202) 305-1590
benjamin.m.moss2@usdoj.gov
Attorneys for Respondent

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER DE SANTIAGO-PEREZ<br>Petitioner,<br>vs.<br>JEFFERSON B. SESSIONS III,<br>U.S. Attorney General,<br>Respondent. | **Case No.: 2:17-cv-03790-CJC-JPR**<br><br>**JOINT STIPULATED PROTECTIVE ORDER**<br><br>The Honorable Jean P. Rosenbluth |

The Court, having reviewed the parties' joint stipulated protective order, finds good cause for entering such an order. It is therefore ORDERED that the following procedures, to which the parties have agreed, shall govern this action and shall remain in effect beginning the date this order is issued through the conclusion of this action, including any appeals, unless modified by the Court:

In the course of discovery, the parties anticipate producing documents containing personally identifiable information; that is, information the use of which

would allow the identification of the person to whom the information relates ("PII") relating to third parties not participating in this action. This PII may be within various agency records, documents, and databases, some of which are in the possession, custody, and control of Respondent, Respondent's agents, and Respondent's counsel. Respondent agrees to produce to Petitioner certain unprivileged, unredacted records relating to Petitioner and (where appropriate) third-parties, subject to entry of this protective order, in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a, to which the parties have stipulated.

At the request of counsel for Petitioner and Respondent ("the parties"), and in accordance with the terms of this Privacy Act protective order, under 5 U.S.C. § 552a(b)(11), Respondent is authorized to release to Petitioner, Petitioner's counsel, and the Court in this case, discovery containing unredacted PII of third parties, without obtaining prior written consent of third parties whose names, addresses, birth dates, and other PII may be present in such documents. Such disclosure is subject to the following conditions:

1. The parties agree that this protective order will govern all documents, including alien registration files ("A files"), law enforcement reports, probation and pre-sentencing reports, and any other discovery that contains Privacy Act material, as well as any copies or summaries made thereof and any information

derived therefrom, including any materials produced in discovery or will be produced through any further discovery taken in this case.

2. The parties anticipate that records to be provided by the federal Government will contain PII, including but not limited to: third-party names, addresses, birth dates, social security numbers, alien numbers, and other identifying information. Such PII shall be deemed confidential and protected by this protective order and may be used by non-Government recipients solely for purposes of (and may not be disclosed outside of) this litigation, as further addressed below.

3. The parties also anticipate that records to be provided by the federal Government may contain law-enforcement-sensitive materials ("LES materials"); that is, materials which Respondent may believe are protected by the law enforcement privilege and/or contain sensitive or confidential matters which would jeopardize law enforcement objectives and law enforcement techniques if disclosed to the general public, such as investigative reports and other information. Respondent is authorized to disclose LES materials to Petitioner, subject to this protective order. Any LES materials disclosed to Petitioner shall be deemed confidential and protected by this protective order, may not be disclosed other than as provided in this protective order, and may be used solely for purposes of this litigation, as further addressed below.

4. Protected information, defined to include all materials referenced in paragraphs 1-3 of this protective order, may be disclosed only to the following persons and only to the extent necessary for the prosecution or defense of this action:

(a) Counsel for Petitioner, Petitioner, counsel for Respondent, Respondent, and any support staff (including any interpreters or translators) of such counsel assisting in this action;

(b) This Court and its personnel, including court reporters;

(c) Individuals whose testimony is contemplated or actually taken in this action and their counsel, but only to the extent necessary to elicit testimony concerning the subject matter or authenticity of information or records produced subject to this protective order;

(d) Expert witnesses, consultants, retained by Petitioner or Respondent for purposes of this proceeding;

(e) The author of the document or the original source of the information; and

(f) Any Court of Appeals and its personnel, in the event of an appeal.

5. All persons listed in Paragraph 4(a) above to whom protected information is disclosed are hereby prohibited from disclosing to, or otherwise

discussing with, any person other than those listed in 4(b)-(f) above, any protected information, except as provided in this protective order.

6. All persons listed in Paragraphs 4(c) and (d) above, to whom protected information is disclosed, shall first be required to read this protective order and sign a copy of the acknowledgment form, attached as Exhibit A, agreeing to be bound thereby. The signed acknowledgment forms shall be maintained by Petitioner's counsel or Respondent's counsel.

7. To the extent that third-party PII, or PII about a witness (including information concerning, for instance, medical information, personnel information, or information which, if it had been in a written record, would be covered by the Privacy Act), is discussed in the course of a deposition, such confidential information must be designated as such by indicating on the record at the deposition. Before attaching to pleadings or otherwise submitting to the Court any portions of a deposition transcript containing information designated as confidential, the parties shall either redact the confidential information or seek permission to file it under seal, unless a release is obtained from the individual to whom the identifying information pertains, authorizing the disclosure of such information without these protections. Additionally, such information shall not be disclosed outside of this litigation except as provided by this protective order.

8. Nothing in this protective order impedes the rights of any party to assert, and/or object to, a claim of any privilege, or to redact those portions of any materials which the party may believe are privileged from disclosure. In the case of any such redactions, the producing party shall identify the location of and basis for any redactions in a privilege log disclosed to the other party. If either party believes that any materials were improperly redacted, the parties shall first confer in good faith, and if the conferral process is unsuccessful, may apply to the Court for assistance resolving any such disagreement, in accordance with this Court's rules.

9. Under Federal Rule of Evidence 502, the parties agree, and this Court orders, that inadvertent disclosure of any document or any other information during the pendency of this case shall be without prejudice to any claims that any or all such material is confidential, privileged, or otherwise protected from discovery within the meaning of Federal Rule of Civil Procedure 26, or any relevant law, and no party to this protective order shall be held to have waived or forfeited any rights by such inadvertent disclosure. Any document or information so produced and subject to any subsequent claim of privilege, work-product or any other protection whatsoever, including protection under this protective order, shall be returned promptly to the requesting party, and such document or information shall not be introduced into evidence in this or any other proceeding by any person

Case No. 2:17-cv-03790-CJC-JPR
[PROPOSED] JOINT STIPULATED PROTECTIVE ORDER - 6

without either (i) the consent of the party, or (ii) order of this Court. Nor will such document or information be subject to production (other than in camera) in any proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

10. Within thirty (30) days of the final conclusion of this litigation, including any appeals, Petitioner's counsel shall collect all documents produced under this protective order that contain third-party PII or LES materials, as well as any copies thereof, or any information and notes derived therefrom, and shall return – without demand – such documents to Respondent's counsel. Alternatively, Petitioner's counsel shall destroy the documents by shredding them and provide Respondent's counsel with verification of destruction within thirty (30) days of the final conclusion of this litigation, including any appeals.

11. Nothing in this protective order restricts the use by any party of the party's own information, documents, or materials.

12. Nothing in this protective order restricts a party's right to use information, documents, or materials obtained other than through discovery.

13. Nothing in this agreement restricts the right of any party to seek additional protection against the disclosure of documents or materials.

14. Any disclosure of information, documents, and materials related to a third party who has executed a Privacy Act waiver shall be governed by the terms of the Privacy Act waiver executed by the third party.

15. Any party may apply to this Court at any time, upon proper notice and conferral as required by the rules of this Court, for a modification of this protective order.

16. This protective order shall be binding upon any present and future party and counsel in this civil action and any appeals.

DATED: January 9, 2018     _____
HON. JEAN P. ROSENBLUTH
U.S. MAGISTRATE JUDGE

# EXHIBIT A

# ACKNOWLEDGEMENT AND AGREEMENT

I, _____, [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Joint Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California in the case *Javier de Santiago-Perez v. Sessions*, No. 2:17-cv-03790-CJC-JPR, and I agree to comply with and to be bound by all the terms of this order. I understand and acknowledge that failure to do so could expose me to sanctions in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item subject to this order to any person or entity except in strict compliance with the provisions of this order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for purpose of enforcing the terms of this order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name], of _____ [full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____